# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| Charles Cook, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Midwest Recovery Systems, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.     Plaintiff, Charles Cook, is a natural person who resides in Bleckley County, Georgia.

2.     Defendant, Midwest Recovery Systems, LLC, is a corporation formed under the laws of the State of Missouri and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit.  Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     Defendant had placed information on Plaintiff's credit report in an attempt to collect a debt.

13.     In August of 2020, Plaintiff called Defendant in response to the credit reporting because he did not recognize the debt.

14.     During the phone call, Plaintiff advised Defendant that he could not receive phone calls between 8:30 a.m. and 5:00 p.m. because he is permanently disabled and taking lots of medication.

15.     Plaintiff did seek to bar the Defendant from calling him at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

16.     Defendant received her request and told Plaintiff, "Sir once a bill is in collections, calls are going to be going to your telephone number sir."

17.     Defendant's statement that it was unable to honor Plaintiff's request to not receive phone calls was a false, deceptive, and misleading communication which implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

18.     Also during the phone call, Plaintiff asked when the account would come off of his credit report.

19.     Defendant replied that, "Once the account is resolved, sir, it will be deleted from your credit report" and "once it is paid, then it will be deleted from your credit report completely"

20.     Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

21.     The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

22.     Defendant's statement that Plaintiff would have to pay the full balance of the account for the account to be deleted from Plaintiff's credit report was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

23.     Defendant's statement that Plaintiff would have to pay the full balance of the account for the account to be deleted from Plaintiff's credit report was a false, deceptive, and misleading communication which threatened to report the account for longer than the seven years allowed by the FCRA.

24.     Defendant's false, deceptive, or misleading representations and means in connection with the collection of the alleged debt caused Plaintiff anxiety and worry that he would receive phone calls during inconvenient hours while he was heavily medicated, and that the debt would be reported on his credit report until it was paid in full.

25.     Plaintiff had to take time to seek legal counsel about the misleading statements made by Defendant.

## INJURIES-IN-FACT

26.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.,* 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt which caused Plaintiff a concrete and particularized injury in the form of anxiety and worry that he would receive phone calls during inconvenient hours while he was heavily medicated due to his permanent disability and that the debt would be reported on his credit until it was

paid, and uncompensated time and expenses spent seeking legal counsel about Defendant's misrepresentations.

30.    Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA and the concrete and particularized injuries described above, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

31.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)    Anxiety and worry due to concerns about if he might be receiving phone calls during inconvenient hours, and that he might have this debt reported on his credit until it was paid.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692** *et seq.*

32.     Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

***Violations of 15 U.SC. § 1692c and subparts***

33.     A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

34.     Defendant had direct and actual knowledge that the Plaintiff could not receive calls at the stated times.

35.     Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(1).

***Violations of 15 U.S.C. § 1692e and its subparts***

36.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

38.    The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

39.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

40.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41.    Defendant's statements were false and misleading statements about the legal requirements to remove negative accounts from credit reports after seven years.

42.    Defendant's statements that it could not prevent phone calls to Plaintiff during inconvenient times after Plaintiff's notice to Defendant were false, deceptive, and misleading actions and a threat to take action which it could not legally take.

43.     Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and  e(10) among others.

44.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

45.     Plaintiff incorporates by reference paragraphs 1 through 44 as though fully stated herein.

46.     O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

47.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

48.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

49.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

50.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

51.     Defendant's conduct has implications for the consuming public in general.

52.     Defendant's conduct negatively impacts the consumer marketplace.

53.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga. App. 457, 459 (2007).

54.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

55.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

56.   As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

57.   As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

58.   Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

59.   Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 24th day of August, 2020.

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys